IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ADAM KOKESH and ALLEN GUMBY, § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil No. W-14-CA-159 | |
| BARACK HUSSEIN OBAMA, et al., § § | | |
| Defendants. § | | |

## O R D E R

On this date the Court, *sua sponte*, considers this *pro se* civil action filed by Plaintiffs Adam Kokesh and Allen Gumby. (Doc. 1). By Order entered on May 21, 2004, the Court ordered Plaintiffs to submit within thirty (30) either the filing fee of $400.00 or each file a completed application to proceed *in forma pauperis*. (Doc. 4). Plaintiffs were advised that failure to comply with the May 21 Order in a timely manner would result in the dismissal of their case. (*Id.*).

The Court mailed the May 21 Order to each Plaintiff. However, the Order mailed to Plaintiff Adam Kokesh has been returned to the Court with the notation "Adam Kokesh does not reside at the address." (Doc. 5). Thus, Plaintiff Kokesh either never lived at the address list in the original complaint or apparently has moved to another address. Plaintiff Kokesh, however, has filed no change of address, and he has made no effort to communicate with the Court since this action was filed. Plaintiff Kokesh has effectively blocked any adjudication of this action because the Court has no way to communicate with him.

The Order mailed to Plaintiff Allen Gumby, likewise, has been returned with the notation "Inmate claims this is not his mail." (Doc. 6). The Court finds, therefore, that either Plaintiff Gumby never authored the complaint in the first place or no longer wishes to proceed with this action at this time.

The power to dismiss an action for failure of a party to prosecute is inherent in the Court. Fed. R. Civ. P. 41; *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Rule 41(b) of the Federal Rules of Civil Procedure allows a federal court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with either the federal rules or a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). Here, Plaintiffs have failed either to maintain contact with the Court and/or to prosecute this case. Indeed, each Plaintiff also failed to comply with the May 21 Order. Accordingly, it is

**ORDERED** that Plaintiffs' action is hereby **DISMISSED without prejudice** for want of prosecution. It is further

**ORDERED** that any and all motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this 24th day of June, 2014.

*/s/ Walter S. Smith*
**WALTER S. SMITH, JR.**
**UNITED STATES DISTRICT JUDGE**